**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5238-18T1

SANDRA SMITH,

     Plaintiff-Appellant,

v.

COUNTY OF PASSAIC,

     Defendant-Respondent,

and

PASSAIC COUNTY BOARD
OF CHOSEN FREEHOLDERS,
PASSAIC COUNTY COMMUNITY
COLLEGE, PEARSON EDUCATION/
ELSEVIET/EVOLVE, CHALANDA
EVELYN SWEET, a/k/a CHAE
SWEET,

     Defendants.

_____

     Submitted May 27, 2020 – Decided July 2, 2020

     Before Judges Accurso and Gilson.

     On appeal from the Superior Court of New Jersey,
     Law Division, Passaic County, Docket No. L-3900-18.

Sandra Smith, appellant pro se.

Florio Kenny Raval LLP, attorneys for respondent (Christopher Kennedy Harriott, of counsel and on the brief; Alexander J. Corrado, on the brief).

PER CURIAM

Plaintiff Sandra Smith appeals from a July 5, 2019 order dismissing her complaint against defendants County of Passaic, Passaic County Board of Chosen Freeholders, Passaic County Community College and Chalanda Evelyn Sweet, A/K/A "Chae Sweet," because the claims were barred by collateral estoppel and the entire controversy doctrine. Finding no error, we affirm.

Plaintiff sued these same defendants in a complaint filed by counsel on her behalf in 2016, alleging claims under the New Jersey Civil Rights Act, Pierce v. Ortho. Pharm. Corp., 84 N.J. 58 (1980), the Conscientious Employee Protection Act, and, solely as to defendant Sweet, breach of contract, unjust enrichment and promissory estoppel, arising out of the termination of her faculty appointment by the College and its assistant dean, Sweet. That action was ultimately dismissed against all defendants, with the final order being entered in June 2018 when plaintiff was acting pro se. Plaintiff did not appeal.

Instead, she instituted, pro se, a new action against these same defendants and a new party, Pearson Education/Elsevier/Evol., alleging some

of the same causes of action and adding claims for theft by deception, official misconduct, defamation, violation of the Law Against Discrimination, fraud, fraud in the inducement, and unclean hands.  Defendants, with the exception of the new party, which was apparently not served, moved to dismiss all claims as barred by collateral estoppel and the entire controversy doctrine.

At argument on the motion, plaintiff pointed out "[t]he old case was Pas-L-525-16," whereas "the new case is Pas-L-3900-18."  She contended the new case, this matter, should not be dismissed because it was filed as case type 509, "unemployment and other [] CEPA/LAD," a track II case with 300 days' discovery, whereas the original matter was filed as case type 005 "civil rights," a track III case with 450 days' discovery.  She also underscored that this case included new counts for theft by deception, official misconduct, violation of the Law Against Discrimination, fraud, fraud in the inducement, and unclean hands.  Noting that "[c]ollateral estoppel prevents the retrying of litigation already decided," plaintiff argued "this is a new case, new codes, new tracking number, new charges, and [one] new defendant, . . . Pearson Education, Elseviet, Evolve."

When asked by the court why the new claims weren't included in the first action, as envisioned by the entire controversy doctrine, plaintiff replied

that she "can't answer that." She claimed her counsel should have included the new claims in the first suit, and filed it sooner so as to have avoided the statute of limitations asserted by defendants in that matter. She asked that the court permit the case to go forward because she retained counsel prior to the expiration of the statute, and "[she] did everything that [she] was supposed to do."

After hearing argument, Judge Caposela granted the motion dismissing the complaint. In an accompanying statement of reasons, the judge explained New Jersey Court Rule 4:30A, the entire controversy doctrine, and the law of collateral estoppel or issue preclusion, as explained by our Supreme Court in Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012). Applying that law to the facts, the judge concluded the issues before the court in the 2018 suit were identical to those raised and actually litigated in the 2016 action. The judge also found the new claims asserted in the 2018 complaint arose out of the same facts underlying the 2016 suit, were known to plaintiff at that time and should have been asserted in that action if asserted at all. Concluding plaintiff's new complaint violated both estoppel principles and the entire controversy doctrine, the judge dismissed the complaint with prejudice.

Plaintiff appeals, reprising the arguments she made in the trial court. Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Accordingly, we affirm substantially for the reasons expressed by Judge Caposela in the statement of reasons accompanying the July 5, 2019 order. We add only that the orders dismissing the 2016 action constituted a final judgment on the claims asserted in that action. Plaintiff's failure to appeal those rulings bars her claims here. See Velasquez v. Franz, 123 N.J. 498, 511 (1991) ("[A] judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided.") (quoting Reed v. Allen, 286 U.S. 191, 201 (1931)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5238-18T1